## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Darlene Anderson, | ) |
| | ) |
| Plaintiff, | ) C/A No. 2:20-cv-3237-MBS |
| | ) |
| v. | ) |
| | ) **OPINION AND ORDER** |
| Kilolo Kijakazi, | ) |
| Acting Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |
| | ) |

On September 10, 2020, Plaintiff Darlene Anderson filed the within action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of Defendant Commissioner of Social Security (the "Commissioner") denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income Benefits ("SSI").

### BACKGROUND

Plaintiff first filed her DIB and SSI applications on October 5, 2017, alleging disability beginning September 12, 2016, as a result of back surgery, knee problems, shoulder and hand problems, and arthritis in her joints. Plaintiff's applications were denied initially and again upon reconsideration. An Administrative Law Judge ("ALJ") presided over a hearing held on December 5, 2019 and issued an unfavorable decision on January 14, 2020. Plaintiff filed a request for review of the ALJ's decision, which the Appeals Council denied. Plaintiff thereafter appealed the decision to this court.

On May 12, 2021, Plaintiff filed her brief challenging the ALJ's decision on the basis that he failed to consider her mental limitations in determining her residual functional capacity ("RFC"); failed to consider the entire medical record in assessing her reported symptoms; and failed to properly evaluate the opinions of two medical providers. ECF No. 16. The Commissioner filed her response to Plaintiff's brief on June 21, 2021, ECF No. 17, and Plaintiff filed a reply brief on July 6, 2021, ECF No. 18. On August 17, 2021, Plaintiff filed a notice of supplemental authority identifying *Collins v. Yellen*, 141 S. Ct. 1761 (2021), as pertaining to "the constitutionality of the Commissioner's decision." ECF No. 20.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Mary Gordon Baker for a Report and Recommendation ("Report"). On September 21, 2021, the Magistrate Judge filed her Report recommending that the court affirm the Commissioner's decision to deny benefits. ECF No. 21. Plaintiff filed objections to the Report on October 19, 2021, ECF No. 24, to which the Commissioner responded on October 28, 2021, ECF No. 25. Plaintiff filed a reply brief on November 5, 2021. ECF No. 27.

This matter is now before the court for review of the Magistrate Judge's Report. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to—including those portions to which only "general and conclusory"

objections have been made—for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Opriano v. Johnson*, 687 F.2d 44, 77 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted)). It consists of "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

"From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek v. Finch*, 438 F.2d 1157, 1158 (4th Cir. 1971).

## APPLICABLE LAW

An individual is eligible for DIB benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-33, if she is insured, has not attained retirement age, has filed an application for DIB, and is under a disability as defined in the Act. 42 U.S.C. § 423(a)(1). Under Title XVI of the Act, 42 U.S.C. §§ 1381-83(c), SSI benefits are available to an individual who is financially eligible, files an application for SSI, and is disabled as defined in the Act. 42 U.S.C. § 1382. An individual is determined to be under a disability only if his "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A). The disabling impairment must last, or be expected to last, for at least twelve consecutive months. *See Barnhart v. Walton*, 535 U.S. 212, 214-15 (2002).

The Commissioner has developed the following five-step evaluation process for determining whether a claimant is disabled under the Act: (1) whether the claimant engaged in substantial gainful activity; (2) whether the claimant has a severe medically determinable impairment; (3) whether the impairment meets or equals the severity of an impairment included in the Administration's Official Listings of Impairments found at 20 C.F.R. Pt. 404, Subpt. P, App. 1; (4) whether the impairment prevents the claimant from performing past relevant work; and (5) whether the impairment prevents the claimant from participating in substantial gainful employment. 20 C.F.R. § 416.920(a)(4)(i)-(v). Through the fourth step, the burden of production and proof is on the claimant. *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983). At step five, the burden shifts to the

Commissioner to produce evidence that other jobs exist in the national economy that the claimant can perform, considering the claimant's age, education, and work experience. *Id.* If at any step of the evaluation the ALJ finds that the individual is disabled or not disabled, further inquiry is unnecessary. 20 C.F.R. § 416.920(a)(4); *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981).

## DISCUSSION

Plaintiff was born in 1970 and was 46 years old as of her alleged disability onset date. ECF No. 11-2 at 34. She has a limited education and past relevant work experience as a quality control technician, quality control inspector, cashier, and short-order cook. *Id.* Plaintiff alleges disability resulting from problems with her joints, back, knees, shoulder, and hands.

The ALJ found that Plaintiff meets the insured status requirements of the Act through June 30, 2021 and that Plaintiff had not engaged in substantial gainful activity since September 12, 2016, the alleged onset date of disability. The ALJ determined that Plaintiff has severe impairments of degenerative joint disease of the left shoulder with history of surgery; degenerative disc disease of the lumbar spine with history of fusion; degenerative disc disease of the cervical spine; bilateral carpal tunnel syndrome with surgeries bilaterally; degenerative joint disease of the bilateral knees; and obesity. ECF No. 11-2 at 18. However, he found that Plaintiff does not suffer from an impairment or combination of impairments that meets or equals the severity of one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. With respect to the RFC, the ALJ assessed Plaintiff as follows:

> the undersigned finds that the claimant has the residual functional capacity to perform a range of light work as defined in 20 CFR 404.1567(b) and

> 416.967(b). She can lift 20 pounds occasionally and 10 pounds frequently. She can stand six hours in the eight-hour workday. She can walk six hours in the eight-hour workday. She can sit six hours in the eight-hour workday. The claimant cannot climb ladders, ropes, and scaffolds. She cannot work around hazards such as unprotected heights or dangerous moving machinery. The claimant can occasionally climb ramps and stairs. She can occasionally balance, stoop, kneel, crouch, and crawl. She can reach overhead frequently. She can handle and finger frequently. The claimant must avoid concentrated exposure to vibration and to fumes, odors, dusts, gases, and unventilated environments.

ECF No. 11-2 at 22. Based on the RFC, the ALJ determined that Plaintiff was capable of performing past relevant work. The ALJ additionally determined that Plaintiff can perform a significant number of jobs that exist in the national economy, considering her age, education, work experience, and RFC. *Id.* at 34. Accordingly, the ALJ concluded that Plaintiff is not disabled.

I.      The ALJ's Consideration of Plaintiff's Mental Impairments

Plaintiff contends the ALJ in fashioning the RFC "failed to account for mental limitations from [Plaintiff's] non-severe depression," and alternatively failed to "explain why no limitations were necessary." ECF No. 16 at 10. The Commissioner responds that the ALJ thoroughly explained at step two that "Plaintiff's depression imposed only minimal limitation on her ability to perform mental work-related activities," which thereby allows the court to conduct a meaningful review. ECF No. 17 at 12-13. In reply, Plaintiff asserts that the ALJ acknowledged at step two that the RFC assessment at step four would require a more detailed discussion of Plaintiff's mental impairments yet failed to engage in any such discussion and the resulting "absence of a more detailed mental RFC assessment frustrates meaningful review." ECF No. 18 at 2-3.

The Magistrate Judge summarized the ALJ's discussion of Plaintiff's mental health history as reflected in the medical record and the ALJ's treatment of the medical

6

opinions offered by Keith Sterling Cox, Ph.D., and Douglas Robbins, Ph.D., and reviewed the parties' respective arguments. ECF No. 21 at 7-8. The Magistrate Judge observed that Plaintiff's contentions "fail to acknowledge the ALJ's later discussion, in which the ALJ specifically found persuasive Dr. Cox's statements that Plaintiff had no major deficits in social functioning, [and] was capable of adequate concentration, persistence, and pace in completing both simple and moderately complex tasks." *Id.* at 9. The Magistrate Judge explained, "[r]ead in conjunction with the ALJ's findings as to Dr. Robbins's opinion and with the ALJ's earlier finding that Dr. Cox's conclusions that Plaintiff would experience social withdrawal or intermittent interruptions from mental issues were not persuasive, the ALJ adequately explained why there were no mental limitations included in the RFC." *Id.* The Magistrate Judge further elaborated, specifically in response to Plaintiff's reply brief, that "the ALJ thoroughly explained his findings regarding Plaintiff's limitations in each of the paragraph B criteria at step two, relying on citations to the medical record and on medical opinions to support those findings":

> He explicitly found Plaintiff's "depression does not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and is therefore nonsevere." Then in the RFC analysis, the ALJ again discussed the medical opinions offered regarding Plaintiff's mental limitations and gave further explanation as to how those opinions comported with the medical record. Taken together, the ALJ's discussion of Plaintiff's mental impairments and resulting adequate functioning conveys why there were no mental-related functional limitations in the RFC. Plaintiff has failed to demonstrate either that the ALJ's determination was not based on substantial evidence or resulted from the application of the improper standard.

*Id.* at 10 (citing ECF No. 11-2 at 32-33).

Plaintiff objects on the basis that the ALJ found as persuasive Dr. Cox's opinion that she is able to work at an "adequate pace to complete simple and moderately complex cognitively focus tasks," and yet failed to account for this mental limitation in the RFC. Plaintiff asserts that a finding of mild limitations is not synonymous with a finding of no limitations and contends that, considering "the ALJ's findings that [Plaintiff] had 'mild limitations' in concentrating, persisting, and maintaining pace, the only conclusion is [Plaintiff's] functional limitations needed to be accounted for in the ALJ's RFC." ECF No. 24 at 4. The Commissioner responds that Plaintiff is "merely rehash[ing] the same arguments raised [previously]." ECF No. 25 at 4, 5.

A claimant's RFC is her ability to do physical and mental work activities on a sustained basis. *See* 20 C.F.R. § 404.1545(a)(1) (A claimant's "residual functional capacity is the most [she] can still do despite [her] limitations."). The RFC must account for all of the claimant's impairments, including those that are not severe or fail to meet a listed impairment. 20 C.F.R. §§ 404.1520(e), 416.920(e), 404.1545(a)(2), 416.945(a)(2); SSR 96-8P, 61 Fed. Reg. 34,474, 34,475 (July 2, 1996). In formulating the RFC, the ALJ is expected to identify the claimant's "functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations," and include "a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (*e.g.*, laboratory findings) and nonmedical evidence (*e.g.*, daily activities, observations)." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (citations omitted). However, the Fourth Circuit has rejected "a per se rule requiring remand when the [administrative law judge] does not perform an explicit function-by-function analysis." *Id.* (citation omitted). Rather, remand may be

appropriate where the ALJ "fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the [administrative law judge's] analysis frustrate meaningful review." *Britt v. Saul*, 860 Fed. Appx. 256, 262 (4th Cir. 2021) (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)). "Meaningful review is frustrated—and remand necessary—only where 'we are unable to fathom the [ ] rationale in relation to evidence in the record.'" *Id.* (quoting *Cichocki*, 729 F.3d at 177).

As the Magistrate Judge noted, the ALJ discussed the medical opinions pertaining to Plaintiff's mental limitations at both step two and step four of the sequential analysis and clearly agreed that the evidence supported a finding that Plaintiff suffers from mild impairments in the four functional areas known as the "paragraph B" criteria.[1] ECF No. 11-2 at 20-21, 32-33. Yet, as Plaintiff contends, a mild impairment is not the same as no impairment, and the ALJ did not expressly state why he omitted nonexertional limitations from the RFC assessment. As Plaintiff further contends, the omission is relevant insofar as, having arrived at an RFC with only exertional limitations, the ALJ "never posed a hypothetical to the vocational witness that included a mental limitation." ECF No. 24 at 5. *See Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016) (". . . we cannot determine whether the hypothetical questions posed to the [vocational expert] included all of Monroe's functional limitations, as they needed to do in order to be useful") (citing *Hines v. Barnhart*, 453 F.3d 559, 566 (4th Cir. 2006) ("In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a

---

[1] Those areas are identified as: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. 20 C.F.R., Pt. 404, Subpt. P, App. 1, Pt. A2.

9

consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments")). Following the testimony of the vocational expert, the ALJ determined that Plaintiff can perform past work as a quality control technician (food processing and air-conditioning manufacturer), quality control inspector (film manufacturing), cashier, and short-order cook, most of which are considered semi-skilled jobs. ECF No. 11-2 at 34, 72-73. *See* 20 C.F.R. § 404.1568.[2]

On the facts presented here, the court finds that the ALJ erred when he omitted from his RFC assessment a limitation that reflects his finding of Plaintiff's mild mental impairments *and* failed to state why any such limitation is not necessary. *Cf. Shinaberry*, 952 F.3d at 121-22 (holding the ALJ "sufficiently explained why the mental limitation to simple, routine, and repetitive tasks accounted for Shinaberry's borderline intellectual disability and her moderate limitations in her concentration, persistence or pace").[3]

---

[2] The court notes that on the final two pages of his written decision, with respect to step five, the ALJ discusses alternative findings for where the claimant has only nonexertional limitations. ECF No. 11-2 at 34-35. The ALJ explained that he posed hypotheticals to the vocational expert to determine the extent to which Plaintiff's limitations "erode the unskilled light occupational base . . . ." *Id.* at 35. The vocational expert testified that Plaintiff is capable of working as a parking lot attendant and machine tender, both of which are positions classified as light exertion and unskilled. *Id.* However, the Commissioner does not raise this argument as a basis for affirming the ALJ's decision and, in any event, an ALJ cannot summarily "account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work," because "the ability to perform simple tasks differs from the ability to stay on task." *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020) (quoting *Mascio*, 780 F.3d at 638)).

[3] The court notes the Fourth Circuit has not yet addressed in a published opinion whether an ALJ must address a mild impairment of paragraph B criteria in the RFC assessment. *See Britt*, 860 Fed. Appx. at 262 n.3 (noting that "[i]t is unclear whether an administrative law judge must specifically address a claimant's *mild* impairment in concentration, persistence, or pace in the residual-functional-capacity analysis," and explaining that

Accordingly, the court sustains Plaintiff's objection as to this contention. This conclusion notwithstanding, the court will address Plaintiff's remaining contentions as each one, if sustained, creates a separate basis for remand.

II.     **The ALJ's Consideration of Plaintiff's Subjective Complaints**

Plaintiff contends that the ALJ's treatment of her subjective complaints is not supported by substantial evidence because he considered the type of activity she engages in without discussing the extent to which she is able to engage in that activity. ECF No. 16 at 14-20. Plaintiff further contends the ALJ selectively cited evidence that supported his findings and disregarded evidence to the contrary, specifically with respect to swelling or edema in her lower extremities. *Id.* The Commissioner responds that the ALJ's determination that Plaintiff's subjective complaints were not entirely consistent with the available medical records is supported by substantial evidence and for support cites to the ALJ's written decision where he referenced inconsistencies between Plaintiff's testimony and the medical record. ECF No. 17 at 15-17. In reply, Plaintiff asserts specifically that while the ALJ referenced inconsistencies concerning her use of an assistive device and limitations related to back, shoulder, and carpal tunnel pain, he did not reference inconsistencies concerning the need to elevate her feet. ECF No. 18 at 5-8.

The Magistrate Judge engaged in a comprehensive discussion of the ALJ's findings with respect to Plaintiff's subjective complaints, specifically concerning swelling of lower extremities, and compared those findings against the many references throughout the voluminous administrative record where providers observed swelling in

claimant had not raised the issue before the agency or the district court and therefore the court would not consider it on appeal) (citing *Mascio*, 780 F.3d at 638)).

lower extremities and an absence of swelling or edema. ECF No. 21 at 11-17. The Magistrate Judge reached the following conclusion with respect to the ALJ's general treatment of Plaintiff's subjective complaints:

> Turning to the issue of whether the ALJ properly evaluated Plaintiff's subjective complaints, the ALJ's discussion demonstrates that he found Plaintiff's subjective complaints to be compelling, and there was objective evidence from the medical records that supported her testimony as to her functional limitations. Moreover, the ALJ's discussion further demonstrates acknowledgement of the factors set forth in [Social Security Ruling 16-3p], and Plaintiff has not identified any specific factors that the ALJ did not consider. Indeed, as a result of the ALJ's consideration of Plaintiff's testimony and the other evidence, the ALJ included "strict exertional, postural, manipulative, and environmental limitations" in the RFC to "account [for] the effects of the severe impairments." Nevertheless, as further discussed by the ALJ, he did not find the Plaintiff's impairments to be wholly disabling, and to that end, he indicated what information in record tempered his findings regarding the extent of her impairments.

*Id.* at 14. In response to Plaintiff's argument that the ALJ "cherry picked" evidence that supported his findings by citing to evidence outside of the orthopedic records, the Magistrate Judge noted that "Plaintiff has not identified any authority that renders a medical record irrelevant if the issue being treated is different from the symptom." *Id.* at 15. The Magistrate Judge also reviewed the citations to the record that Plaintiff provided in support of her complaints of swelling and edema and observed as follows:

> Additionally, with regard to the records identified by Plaintiff, the decision shows that the ALJ reviewed those records as his medical history overview included details from those same records and visits. The fact that those records showed swelling or effusion does not render the ALJ's conclusion unsupported by substantial evidence. Indeed, "not every piece of evidence must be inconsistent with the plaintiff's testimony for [her] to be found incredible. Some will be corroborative . . . . The simple fact that the ALJ did not reconcile every piece of evidence is not error." *Manijo v. Colvin*, No. 0:13-cv-3185-BHH, 2015 WL 74954, at *5 (D.S.C. Jan. 6, 2015). The records cited by the ALJ were medical records that noted no swelling or edema, of which there were many throughout the relevant time period. These records suffice as substantial evidence in support of the

> ALJ's conclusion that Plaintiff's impairments did not require her to elevate her legs above her heart.

ECF No. 21 at 15-16.  Finally, the Magistrate Judge noted Plaintiff's similar contentions that the ALJ's treatment of her driving record during the alleged period of disability and his findings regarding her lumbar and knee pain are unsubstantiated by the record.  The Magistrate Judge concluded that "any error due to the ALJ's failure to precisely describe Plaintiff's testimony about driving is harmless in light of the otherwise thorough analysis of Plaintiff's subjective complaints, the medical records, and medical opinions"; and further concluded that "the records cited by the ALJ to support his conclusion that Plaintiff did not experience constant lumbar and knee pain total over 650 pages—that there are documented instances within those same records of times when Plaintiff had lumbar and/or knee pain, does not render the ALJ's conclusion erroneous." *Id.* at 16-17.

Plaintiff objects that the Magistrate Judge, like the ALJ, cited non-orthopedic records in the discussion of Plaintiff's knee and lumbar pain and contends that the court should not include these records in its consideration of substantial evidence.  ECF No. 24 at 6 (citing *Thomas v. Berryhill*, 916 F.3d 307, 312 (4th Cir. 2019)).  Specifically, Plaintiff argues that the Magistrate Judge "accepted the Commissioner's assertions and did not acknowledge the principles directed by *Thomas*," and asserts that "[t]he ALJ selectively cited evidence from doctor's treating [sic] Anderson for unrelated and not relevant conditions to reject her complaints of swelling while not acknowledging corroborative evidence from the providers treating her swelling." *Id.* at 8.  The Commissioner responds that the issues were fully presented to the Magistrate Judge and notes her election to rely "primarily on the reasoning set forth in the Magistrate Judge's

13

R&R, as well as the arguments set forth in the Commissioner's response to Plaintiff's brief." ECF No. 25 at 5-6.

As the Magistrate Judge explained, under the governing regulations, "the determination of whether a person is disabled by pain or other symptoms is a two-step process." *Craig*, 76 F.3d at 594. *See* 20 C.F.R. §§ 404.1529, 416.929(c). The first step requires a finding of objective medical evidence showing "the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* After a claimant has met this threshold showing, the ALJ must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work." *Id.* at 595. *See* Social Security Ruling 16-3p, 2016 WL 1119029 (Mar. 16, 2016). In evaluating a disability claim, "[a]n ALJ has the obligation to consider all relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding." *Arakas v. Commissioner*, 983 F.3d 83, 98 (4th Cir. 2020) (quoting *Lewis*, 858 F.3d at 869).

The court finds no error in the Magistrate Judge's reference to non-orthopedic records or in the Magistrate Judge's conclusion that substantial evidence supports the ALJ's findings and likewise disagrees with Plaintiff's contention that the ALJ cherry-picked certain facts.[4] Plaintiff essentially asks the court to reweigh the medical evidence,

---

[4] The *Thomas* court found error in the ALJ's failure to explain how she weighed "significant evidence" related to the plaintiff's mental-health treatment. For example, the ALJ relied on statements of normal mood and affect made by physicians treating the plaintiff's chronic foot pain without explaining why those statements deserved the same weight as inconsistent findings made by a psychologist who had evaluated the plaintiff.

14

which the court declines to do. *See Arakas*, 983 F.3d at 95 ("'In reviewing for substantial evidence, we do not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment' for the ALJ's") (quoting *Craig*, 76 F.3d at 589). Plaintiff's objection is overruled and the court adopts the Magistrate Judge's findings as to this issue.

### III.     The ALJ's Consideration of the Medical Opinions

As her third and final argument, Plaintiff contends that substantial evidence does not support the ALJ's assessment of Dr. Russell Hall and Nurse Practitioner Jill Gilchrist's opinions. Plaintiff challenges the ALJ's rejection of the portion of Dr. Hall's opinion that states she must elevate her lower extremities 30 degrees during the entirety of the workday and she bases her challenge on the same contention discussed above that the ALJ cited to non-orthopedic records in assessing these two medical opinions. ECF No. 16 at 22-23. Plaintiff also challenges the ALJ's treatment of the portion of the opinion that states she has manipulative limitations in both hands and argues that the medical evidence reflects that she reported triggering of the thumb, for which she underwent surgery, and right wrist pain, for which she wore a brace. *Id.* at 23. Plaintiff additionally challenges the ALJ's finding that Dr. Hall's opinion was inconsistent with her ability to drive short distances, administer her own medication, prepare food, wash dishes, fold clothes, and manage personal finances. *Id.* Finally, Plaintiff contends that the ALJ improperly substituted his opinion when evaluating the diagnostic tests for

---

And the ALJ omitted any discussion as to the plaintiff's record of mental-health evaluations. *Thomas*, 916 F.3d at 312. Here, as the Magistrate Judge discussed, the ALJ reviewed all records—orthopedic and otherwise—that noted the presence and absence of swelling or edema.

15

Plaintiff's knees, forearms, and left shoulder. *Id.* at 24. Plaintiff asserts the same challenges with respect to the ALJ's treatment of Nurse Gilchrist's opinion. *See id.* at 26. The Commissioner responds that "under the revised regulatory framework, the ALJ was not bound by the opinion, and he explained why he found the opinions not persuasive pursuant to the controlling regulations." ECF No. 17 at 17.

The Magistrate Judge observed that the ALJ "devoted more than one single-spaced page to his evaluation of Dr. Hall's opinion, comparing the treatment records from Dr. Hall's own practice and other medical records to the individual limitations to which Dr. Hall had opined," and found that "[t]he ALJ's consideration of Dr. Hall's opinion reflects that he considered both the supportability and consistency of the opinion as required by the regulations." ECF No. 21 at 20, 21. The Magistrate Judge reiterated her previous finding that "the fact that Plaintiff was not seeking treatment for an orthopedic issue at the time she was noted to have no swelling or edema does not render such records irrelevant, nor does it render the ALJ's reliance on them erroneous." *Id.* at 21. With respect to the other challenges, the Magistrate Judge found:

> The ALJ provided a detailed discussion in relation to Dr. Hall's opinion as to manipulative limitations, wherein the ALJ indicated that surgeries had resulted in improvement to Plaintiff's manipulative issues, and although she still experienced some symptoms following surgery, she did not return for follow-up care. (See R. at 24, 29.) Additionally, contrary to Plaintiff's contention that the ALJ did not consider the extent to which she could perform activities of daily living, he specifically acknowledged her "limited" activities. (R. at 29.) Indeed, earlier in the decision, the ALJ had recounted Plaintiff's own testimony regarding her activities of daily living, but he had discounted her testimony somewhat based on the objective evidence and the medical records. (R. at 22–27.) Furthermore, the specific records that ALJ cited include diagnostic tests that stated "mild" findings, just as noted by the ALJ. (See R. at 377, 378, 450, 451, 480, 499, 752, 753.) Thus, it does not appear that the ALJ substituted his own lay opinion for that of the medical experts. To the contrary, the ALJ's decision demonstrates a strong reliance on the medical records and medical

16

> opinions balanced with the ALJ's acknowledged belief that Plaintiff's symptoms and subjective complaints warranted some restrictions in the RFC.

*Id.* at 22. The Magistrate Judge again found that Plaintiff was asking the court to reweigh the evidence and found that any such endeavor would be improper, considering that when viewed within the "context with the remainder of the decision, there was substantial evidence for the ALJ's finding that Dr. Hall's opinion was unpersuasive." *Id.* at 22-23. The Magistrate Judge applied the same findings to Plaintiff's contention regarding Nurse Practitioner Gilchrist's opinion. *Id.* at 23.

Plaintiff's objection to these findings mirrors the arguments she raises in her opening brief. *Compare* ECF No. 24 at 8-11 *with* ECF No. 16 at 20-26. Therefore, the court treats the objection as general and conclusory and reviews for clear error. *Diamond*, 416 F.3d at 315.

As the Magistrate Judge discussed, the Agency has revised the regulations pertaining to the evaluation of opinion evidence for benefits applications filed on or after March 17, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017). Rather than assign evidentiary weight or give special deference to treating source opinions, ALJs now consider medical opinions using five factors: (1) supportability; (2) consistency; (3) the medical source's relationship to the claimant; (4) the medical source's specialization; and (5) other factors, such as the medical source's familiarity with the other evidence in the claim or understanding of the disability program's policies and evidentiary requirements. 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Of paramount persuasive value under the new

17

regulations is whether the medical opinion is supported by and consistent with the record evidence. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

The court agrees with the Magistrate Judge's assessment that the ALJ expressly considered whether Dr. Hall's opinion regarding Plaintiff's need to elevate her legs throughout the workday was supported by and consistent with the record. The court further agrees with the Magistrate Judge's assessment that the ALJ's treatment of Dr. Hall's opinion with respect to manipulative limitations, activities of daily living, and diagnostic tests is supported by substantial evidence. These findings apply with equal measure to the ALJ's treatment of Nurse Gilchrist's opinion. This objection is therefore overruled.

Finally, given the court's conclusion that the RFC assessment requires remand, and considering that the parties have not yet briefed the issue raised in Plaintiff's notice of supplemental authority, the court declines to address Plaintiff's contention regarding the constitutionality of the Commissioner's decision. Plaintiff may raise that issue at a later date, if appropriate.

In conclusion, the court declines to adopt the Report and Recommendation, ECF No. 21, with respect to the findings regarding the ALJ's treatment of Plaintiff's mental impairments at step four and remands the final decision of no disability for further discussion of the RFC. The court otherwise adopts the Report and Recommendation and incorporates it herein. The Commissioner's final decision of no disability is reversed and **REMANDED.**

**IT IS SO ORDERED.**

/s/Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

February 9, 2022
Charleston, South Carolina